UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE DONOVAN JACOBS,<br><br>    Plaintiff,<br><br>v.<br><br>LIEUTENANT ANDUJAR,<br><br>    Defendant. | Civil Action<br>No. 22-1205 (CPO) (MJS)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Before the Court is Defendant Andujar's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and motion for summary judgment pursuant to Federal Rule of Civil Procedure Rule 56.[1] (ECF No. 19.) For the following reasons, the Court will grant Defendant Andujar's motion for summary judgment and deny his motion to dismiss as moot.

### I.   BACKGROUND

This case arises from an alleged assault at Federal Correctional Institution Fairton, in Fairton, New Jersey. The only remaining Defendant is Lieutenant Andujar (hereinafter "Defendant").

As set forth in the Court's prior Opinion:

> According to Plaintiff, while residing at the segregated housing unit, he was arguing with Defendant Andujar on August 18, 2020, regarding Plaintiff's legal mail and affairs. [(ECF No. 1, at 5.)] Defendant Andujar became angry and announced that "he will be here tomorrow to 'lockin' with [Plaintiff]," meaning to "fight" him. (*Id.*)

---

[1] As Defendant raised the affirmative defense of exhaustion, which may require consideration of matters outside the pleadings, the Court advised the parties that it would consider the issue in the context of summary judgment. (ECF No. 20.)

> The next day, on August 19, 2020, Plaintiff stopped by the corrections officers' office and told Defendant Andujar that he did not "want [any] problems and to just forget [Plaintiff's] rights." (*Id.* at 6.) Nevertheless, Defendant Andujar was still angry, and he and three officers handcuffed Plaintiff. (*Id.*) Plaintiff was aware that a beating was imminent and jumped backwards into the hallway so that he would be on camera. (*Id.*) Defendant Andujar then dragged Plaintiff back into the cell by his ankles, slammed his head onto the wall, and dragged his head across the wall while screaming, "I will fucking kill you" and spitting on his face. (*Id.*) Afterwards, Defendant Andujar placed Plaintiff into a shower and told medical staff that Plaintiff was going to kill himself, in order to justify his actions. (*Id.*)

(ECF No. 5, at 1–2.) As to Plaintiff's exhaustion of his administrative remedies regarding these events, he alleges that he "submitted a BP-8, 9, 10, and 11, which were all denied." (ECF No. 1, at 5.) As the Court will discuss in greater detail below, Plaintiff's BP-9s, BP-10, and BP-11 were rejected on timeliness grounds. (ECF No. 19-2, ¶¶ 8–11.)

Plaintiff filed the instant Complaint in February of 2022. (ECF No. 1, at 7.) On September 26, 2022, the Court permitted Plaintiff's Eighth Amendment claims against Defendant to proceed and dismissed the remainder of the Complaint. (ECF No. 5, at 2–6.) Defendant now moves to dismiss under Rule 12(b)(6), or in the alternative, for summary judgment, under Rule 56. (ECF No. 51.) Plaintiff did not file an opposition. Thereafter, the Court issued an Order pursuant to *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), to provide the parties with additional notice and an opportunity to respond before deciding factual disputes, such as exhaustion, on summary judgment. (ECF No. 20.) Defendant advised that he did not wish to file supplemental information, (ECF No. 21), and Plaintiff did not respond to the *Paladino* notice.

## II.     STANDARDS OF REVIEW

### A. Motions to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680).  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

### B. Motions for Summary Judgment Under Rule 56

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Tolan v. Cotton,* 572 U.S. 650, 656–57 (2014).  In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to

the nonmoving party. *See Cotton*, 572 U.S. at 657. The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof," the moving party may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

If the moving party meets its threshold burden, the opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence that may show that genuine issues of material fact exist). The non-moving party must at least present probative evidence from which the jury might return a verdict in his favor. *Anderson*, 477 U.S. at 257. Where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 322. "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation,* 912 F.2d 654, 657 (3d Cir. 1990).

## III.  DISCUSSION

Defendant moves for summary judgment arguing that the Prison Litigation Reform Act ("PLRA"), codified as 42 U.S.C. § 1997e, bars Plaintiffs claims as Plaintiff failed to exhaust his administrative remedies. (ECF No. 19-1, at 12–15.) Alternatively, Defendant contends that the Complaint fails to state claim. (*Id.* at 16–29.)

The PLRA precludes a prisoner from contesting prison conditions in federal court until he has exhausted "all avenues of relief available to [him] within their prison's inmate grievance

system." *Spruill v. Gillis*, 372 F.3d 218, 227 (3d Cir. 2004). Specifically, the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Coulston v. Glunt*, 665 F. App'x 128, 132 (3d Cir. 2016). A plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the requested relief. *Porter*, 534 U.S. at 524.

These requirements serve three important functions: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761–62 (3d Cir. 1996); *see also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).

Failure to exhaust is an affirmative defense, and as such, defendants have the burden to prove that a plaintiff has failed to exhaust. *Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013). To determine whether a prisoner has exhausted his administrative remedies, the Court looks to the agency's applicable grievance procedures and rules, in this case, the Bureau of Prisons ("BOP"). *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Pursuant to the BOP's administrative remedy program, an inmate must generally attempt to informally resolve the issue by presenting it to staff through a BP-8 form. *See* 28 C.F.R. § 542.13. If that fails to resolve the issue, then the inmate

may submit a BP-9 form to the warden. *See* 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the warden's response may appeal to the regional director with a BP-10, and an inmate who is dissatisfied with the regional director's decision may appeal to the general counsel in the central office, through a BP-11. *See* 28 C.F.R. § 542.15(a).  An appeal to the general counsel is the final level of administrative appeal. *Id.*

Where an administrative procedure is "available," plaintiffs seeking to challenge prison conditions must fully and properly exhaust their administrative remedies prior to filing suit, and exceptional circumstances will not excuse their failure to exhaust. *E.g.*, *Ross v. Blake*, 578 U.S. 632, 639–41 (2016) ("But aside from [where an administrative procedure is unavailable], the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account."); *Neal v. Powell*, No. 17-4768, 2023 WL 4118347, at *3 (D.N.J. June 22, 2023).  Indeed, both the "Supreme Court and [the Third Circuit] have rejected judge-made exceptions to the PLRA." *Downey, v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020).

Rather, as the statute provides, it is only where the administrative procedure is "unavailable," that a court may excuse a failure to exhaust. *Ross*, 578 U.S. at 642. Generally, an administrative procedure is not available: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief";[2] (2) when the procedure is "so opaque that it becomes, practically

---

[2] As the Supreme Court explained, "[s]uppose, for example, that a prison handbook directs inmates to submit their grievances to a particular administrative office—but in practice that office disclaims the capacity to consider those petitions.  The procedure is not then 'capable of use' for the pertinent purpose." *Ross*, 578 U.S. at 643.

speaking, incapable of use"; and (3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation." *Id.* at 642–44.

With those principles in mind, and since Plaintiff filed no opposition, the following facts are undisputed for purposes of the instant motion. Plaintiff alleges that he was assaulted on or about August 18, 2020. (ECF No. 1, at 6; ECF No. 19-2, at 38.) BOP records show that he filed a BP-8 regarding the assault at some point between August 25 and September 8, 2020. (ECF No. 19-2, at 38.) On or about September 8, 2020, a unit manager denied the BP-8, finding that there was "no evidence to support" Plaintiff's claims, and provided Plaintiff with a BP-9 form. (*Id.*)

Plaintiff then filed two BP-9s on September 21, 2020, and September 22, 2020, respectively. (ECF No. 19-2, ¶¶ 8–9; ECF No. 19-2, at 36). The warden rejected the BP-9s as untimely because Plaintiff failed to submit them within twenty days of the date of the assault. (ECF No. 19-2, ¶¶ 8–9, ECF No. 19-2, at 20, 21); *see generally* 28 C.F.R. § 542.14(a) ("The deadline for completion of informal resolution [BP-8] and submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred.").

Plaintiff appealed, and in December of 2020, the regional office rejected his BP-10, because his BP-9s were untimely. (ECF No. 19-2, ¶ 10, ECF No. 19-2, at 28.) Plaintiff again appealed, and in May of 2021, the central office rejected his BP-11, because his BP-9s were untimely. (ECF No. 19-2, ¶ 11, ECF No. 19-2, at 31.) The central office did, however, provide Plaintiff with an opportunity to re-submit a BP-9, if he could provide a staff memorandum indicating that the late filing was not his fault, but Plaintiff did not resubmit a BP-9. (ECF No. 19-2 ¶ 11–12.) Again, as stated above, Plaintiff had the opportunity to dispute this chain of events,

but he did not file an opposition to the motion and further failed to respond to the Court's *Paladino* notice.

As the BOP rejected Plaintiff's BP-9s, BP-10, and BP-11 on procedural grounds, the Court finds that he has failed to exhaust his administrative remedies. *E.g.*, *Cameron v. Swartz*, 810 F. App'x 143, 145 (3d Cir. 2020) ("An untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement."); *Gadra-Lord v. Doe*, 736 F. App'x 30, 32 (3d Cir. 2018) (same). Additionally, Plaintiff does not allege that the BOP's administrative remedy program was otherwise unavailable.[3] (*See generally*, ECF No. 1.) Accordingly, the PLRA bars Plaintiff's remaining claims, and the Court will grant Defendant's motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Court will grant Defendant's motion for summary judgment and deny Defendant's motion to dismiss as moot. An appropriate Order follows.

Dated: March 12, 2024

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

---

[3] He does not allege, for example, that he was unable to file a timely BP-9 because the form was unavailable.